UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ROBERT SMITH,

                Plaintiff(s),

    v.

THE CITY OF NEW YORK,
NEW YORK CITY POLICE DEPUTY INSPECTOR
MARLON LARIN, SHIELD # 00000
24th Precinct,
NEW YORK CITY POLICE OFFICER
GARY CERDA, SHIELD # 24307
24th Precinct,
and, NEW YORK CITY POLICE OFFICER
MICHAEL VOLLARO, SHIELD # 20281
24th Precinct,

                Defendant(s).
------------------------------------------------------------------X

**COMPLAINT &
JURY DEMAND**

## PRELIMINARY STATEMENT

1. This is a Civil Rights action in which Plaintiff, ROBERT SMITH, seeks redress for the Defendant's violation of his rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C. 1981 and 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured by under the Laws and Constitution of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiff's Constitutional and Civil Rights. The amount of damages in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars, exclusive of

–1–

interest and costs.

3. The Plaintiff's claim for declaratory and injunctive relief is authorized by 28 U.S.C. sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiff further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5. The Plaintiff demands a trial by jury on each and every one of the claims pleaded herein.

**VENUE**

6. Venue is proper for the United States District Court of the Southern District of New York pursuant to 28 U.S.C. Sections 1391 (a), (b) and (c).

**PARTIES**

7. Plaintiff, ROBERT SMITH is a United States Citizen and resident of the United States, and is and at all times relevant herein a resident of the State of New York.

8. Defendant NEW YORK CITY POLICE DEPUTY INSPECTOR MARLON LARIN, Shield # 00000, upon information and belief of the 24th Precinct, is and at all times relevant, an officer and employee/agent of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendant DEPUTY INSPECTOR LARIN is sued individually and in his official capacity. At all times relevant Defendant DEPUTY INSPECTOR LARIN was acting under the color of State Law in the course and scope of her duties and functions as agent, servant, employee and Detective of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of her lawful duties. Defendant DEPUTY INSPECTOR LARIN was acting for

–2–

and on behalf of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK at all times relevant herein with the power and authority vested in him as police detective, agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of his duties as officer, employee and agent of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9. Defendant NEW YORK CITY POLICE OFFICER GARY CERDA, Shield # 24307, upon information and belief of the 24th Precinct, is and at all times relevant, an officer and employee/agent of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendant OFFICER CERDA is sued individually and in his official capacity. At all times relevant Defendant OFFICER CERDA was acting under the color of State Law in the course and scope of her duties and functions as agent, servant, employee and Detective of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of her lawful duties. Defendant OFFICER CERDA was acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK at all times relevant herein with the power and authority vested in him as police detective, agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of his duties as officer, employee and agent of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

10. Defendant NEW YORK CITY POLICE OFFICER MICHAEL VOLLARO, Shield # 20281, upon information and belief of the 24th Precinct, is and at all times relevant, an officer and employee/agent of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agency of Defendant CITY OF NEW YORK. Defendant OFFICER VOLLARO is sued individually and in his

official capacity. At all times relevant Defendant OFFICER VOLLARO was acting under the color of State Law in the course and scope of her duties and functions as agent, servant, employee and Detective of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of her lawful duties. Defendant OFFICER VOLLARO was acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK at all times relevant herein with the power and authority vested in him as police detective, agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of his duties as officer, employee and agent of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

11. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by Defendant NEW YORK CITY POLICE DEPARTMENT.

12. THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers.

## STATEMENT OF FACTS

13. On January 1, 2016 at approximately 1:00a.m. Plaintiff, who is a resident of Bronx County, was in the vicinity of Columbus Avenue and West 104th Street in the City, State and,

County of New York. The Plaintiff and his friend, who is male had just left a New Year's Party. His friend asked him to watch his car for a few minutes, because it was parked illegally. Plaintiff was outside of the vehicle and did not have the keys to said car. At no point had defendant operated this motor vehicle, nor were the keys in the ignition while Plaintiff was waiting outside.

14. While Plaintiff was watching the vehicle, he was approached by Defendant DEPUTY INSPECTOR LARIN, Defendant OFFICER CERDA, Defendant OFFICER VOLLARO, and several other members of the NEW YORK CITY POLICE DEPARTMENT that are not individually named in this action. Defendant DEPUTY INSPECTOR LARIN inquired about the vehicle. Plaintiff informed Defendant DEPUTY INSPECTOR LARIN that the illegally parked car was not his vehicle, and that the owner of the car was upstairs. He also informed the defendants that he did not have the keys to the vehicle. One of officers, requested Plaintiff's identification. Plaintiff complied and handed the officer his driver's license, which was suspended at that time.

15. The Defendant Officers made Plaintiff wait on the sidewalk for approximately thirty minutes. During that time, Defendant OFFICER VOLLARO, ran Plaintiff's New York State Driver's License though the NYPD computer and found that it was suspended at that time due to unpaid tickets. During roughly the same period Defendant OFFICER CERDA conducted an unlawful search on Plaintiff and proceeded to pat him down on the sidewalk. Defendant OFFICER CERDA allegedly recovered a bag of marijuana from Plaintiff. However, upon information and belief, the aforementioned marijuana was never vouchered. Furthermore, Defendant OFFICER CERDA did not recover the keys to the aforementioned vehicle and there were not vouchered. The officers then towed the vehicle. Subsequently the officers proceeded to arrest Plaintiff and brought him to the 24th precinct at approximately 1:30 a.m. Plaintiff remained handcuffed at the precinct for approximately three and a half hours, until he was released at 5:00 a.m. and given a desk appearance

ticket.

16. The Plaintiff was arraigned at a later date before a Judge based upon a Criminal Court Complaint sworn to by Defendant OFFICER VOLLARO, charging the Plaintiff with violating New York State Vehicle and Traffic Law § 511(2)(a)(iv), 511(1)(a) and 509(1) Aggravated Unlicensed Operation of a Motor Vehicle in the Second Degree, Aggravated Unlicensed Operation of a Motor Vehicle in the Third Degree, and Unlicensed Driving respectively. He was also charged with violating New York State Penal Law § 221.05, Unlawful Possession of Marijuana.

17. After several court appearances, all criminal charges against the Plaintiff were subsequently dismissed and sealed on November 9, 2016 in New York City Criminal Court, New York County.

**FIRST FEDERAL CLAIM**

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution-False Arrest**

18. Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Seventeen (17) as if fully set forth herein.

19. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE DEPUTY INSPECTOR MARLON LARIN acting under color of State Law, violated section 42 U.S.C. 1983 by unlawfully, handcuffing, arresting, and physically searching Plaintiff, without probable cause.

20. That the actions of Defendant Police DEPUTY INSPECTOR LARIN, occurred in and during the course and scope of his duties and functions as a New York City Police Deputy Inspector, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT

and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND FEDERAL CLAIM

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution-False Arrest**

21. Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Twenty (20) as if fully set forth herein.

22. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER GARY CERDA acting under color of State Law, violated section 42 U.S.C. 1983 by unlawfully, handcuffing, arresting, and physically searching Plaintiff, without probable cause.

23. That the actions of Defendant Police OFFICER CERDA, occurred in and during the course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD FEDERAL CLAIM

**Violation of the Rights Secured by Section 42 U.S.C. 1983 and the Fourteenth Amendment to the United States Constitution-False Arrest**

24. Plaintiff incorporates by reference the allegations set forth in paragraphs One (1) through Twenty-Three (23) as if fully set forth herein.

25. Upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER MICHAEL VOLLARO acting under color of State Law, violated section 42 U.S.C. 1983 by unlawfully, handcuffing, arresting, and physically searching Plaintiff, without probable cause.

26. That the actions of Defendant Police OFFICER VOLLARO, occurred in and during the

course and scope of his duties and functions as a New York City Police Officer, and while acting as an agent and employee of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

### FOURTH FEDERAL CLAIM

#### Violation of Rights Secured by Section 42 U.S.C 1983-Malicious Prosecution

27. Plaintiff incorporates by reference the allegations set forth in Paragraphs One (1) through Twenty-Six (26) as if fully set forth herein.

28. That upon information and belief, the conduct of Defendant NEW YORK CITY POLICE DEPUTY INSPECTOR MARLON LARIN, acting under color of State Law, violated Section 42 U.S.C. 1983 by falsely and maliciously charging Plaintiff with the commission of a criminal offense without basis in law or fact.

29. As a consequence of the actions of Defendant DEPUTY INSPECTOR LARIN, Plaintiff was required to make additional Court appearances to defend against the false charges levied against him, and suffers fear of repetition of such unlawful conduct by members of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

### FIFTH FEDERAL CLAIM

#### Violation of Rights Secured by Section 42 U.S.C 1983-Malicious Prosecution

30. Plaintiff incorporates by reference the allegations set forth in Paragraphs One (1) through Twenty-Nine (29) as if fully set forth herein.

31. That upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER GARY CERDA, acting under color of State Law, violated Section 42 U.S.C. 1983 by falsely and maliciously charging Plaintiff with the commission of a criminal offense without basis in law or fact.

32. As a consequence of the actions of Defendant OFFICER CERDA, Plaintiff was required to make additional Court appearances to defend against the false charges levied against him, and suffers fear of repetition of such unlawful conduct by members of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

### SIXTH FEDERAL CLAIM

**Violation of Rights Secured by Section 42 U.S.C 1983-Malicious Prosecution**

33. Plaintiff incorporates by reference the allegations set forth in Paragraphs One (1) through Thirty-Two (32) as if fully set forth herein.

34. That upon information and belief, the conduct of Defendant NEW YORK CITY POLICE OFFICER MICHAEL VOLLARO, acting under color of State Law, violated Section 42 U.S.C. 1983 by falsely and maliciously charging Plaintiff with the commission of a criminal offense without basis in law or fact.

35. As a consequence of the actions of Defendant OFFICER VOLLARO, Plaintiff was required to make additional Court appearances to defend against the false charges levied against him, and suffers fear of repetition of such unlawful conduct by members of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

### FIRST STATE LAW CLAIM

36. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty-Five (35) as if fully set forth herein.

37. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE DEPUTY INSPECTOR MARLON LARIN, Shield # 00000, resulted in the false arrest, detention, photographs and searches of Plaintiff, and causing the aforementioned and hereinafter mentioned harm to

Plaintiff.

## SECOND STATE LAW CLAIM

38. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty-Seven (37) as if fully set forth herein.

39. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER GARY CERDA, Shield # 24307, resulted in the false arrest, detention, photographs and searches of Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD STATE LAW CLAIM

40. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Thirty-Nine (39) as if fully set forth herein.

41. That the actions of Defendant CITY OF NEW YORK, by negligently hiring, training, screening, supervising and/or instructing Defendant NEW YORK CITY POLICE OFFICER MICHAEL VOLLARO, shield # 20281 resulted in the false arrest, detention, photographs and searches of Plaintiff, and causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## FOURTH STATE LAW CLAIM

42. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Forty-One (41) as if fully stated herein.

43. That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE DEPUTY INSPECTOR MARLON LARIN, Shield # 00000, which resulted in the false arrest, detention, photographs and searches of Plaintiff, public humiliation and embarrassment, emotional distress and the incurrence of monetary damages, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## FIFTH STATE LAW CLAIM

44. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Forty-Three (43) as if fully stated herein.

45. That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE OFFICER GARY CERDA, Shield # 24307, which resulted in the false arrest, detention, photographs and searches of Plaintiff, public humiliation and embarrassment, emotional distress and the incurrence of monetary damages, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

## SIXTH STATE LAW CLAIM

46. The Plaintiff incorporates by reference the allegations contained in paragraphs One (1) through Forty-Five (45) as if fully stated herein.

47. That the Defendant CITY OF NEW YORK, through the doctrine of Respondeat Superior, is liable for the actions of Defendant NEW YORK CITY POLICE OFFICER MICHAEL VOLLARO, shield # 20281, which resulted in the false arrest, detention, photographs and searches of Plaintiff, public humiliation and embarrassment, emotional distress and the incurrence of monetary damages, causing the aforementioned and hereinafter mentioned harm to Plaintiff.

**WHEREFORE,** the Plaintiff demands the following relief jointly and severably against all Defendants:

1. Compensatory Damages for Plaintiff.

2. Punitive Damages against Defendant New York City Police Deputy Inspector MARLON LARIN, Shield # 00000, of the 24th Precinct.

3. Punitive Damages against Defendant New York City Police Officer GARY CERDA, Shield # 24307, of the 24th Precinct.

4. Punitive Damages against Defendant New York City Police Officer MICHAEL VOLLARO, Shield # 20281, of the 24th Precinct.

5. A Court Order pursuant to 42 U.S.C. 1998 that the Plaintiff is entitled to costs of the instant action, and Attorney's fees.

6. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: July 11, 2017

*[signature]*
RICHARD CAMPISI, ESQ.
(RC-8442)
Attorney for Plaintiff
11 Park Place, Suite 600
New York, New York 10007
(347) 424-6164
Fax (646) 201-4495
E: richardcampisilaw@gmail.com